■ GENNARO FRANZESE, Respondent, v. MACKAY TRUCKING CORP., Appellant, et al., Defendants.— In an action to recover damages for personal injuries, the appeal is from so much of a judgment, entered on the verdict of a jury, as is in favor of respondent against appellant. Respondent presented evidence that he was driving a passenger automobile and had brought it to a complete stop on the roadway, that a few seconds later it was struck in the rear, that respondent was thus pushed forward so that his stomach struck the steering wheel, and that as a result he suffered a bleeding duodenal ulcer and other injuries. Judgment insofar as appeal is taken reversed and a new trial granted as to the issues raised by the complaint and appellant's answer, with costs to appellant to abide the event. The opinion of respondent's medical expert was legally incompetent inasmuch as it was based (1) upon several assumptions of facts which were not proved, such as the assumptions that respondent was predisposed to ulcers and that he suffered a shock which might have affected his endocrine glands, which in turn might have precipitated the bleeding ulcer, and (2) upon the expert's extrajudicial conversations with respondent's attorney. Without this testimony there is insufficient evidence in the record to warrant the verdict. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.

■ MARTHA HOSBACH, Appellant, v. MOREA MILLER et al., Respondents.— In an action to set aside a conveyance which created a joint tenancy in certain real property, and for other relief, the appeals are (1) from an order granting respondent Miller's motion for summary judgment dismissing the complaint, and from the judgment entered thereon, (2) from an order dismissing as academic appellant's motion to examine respondent Miller before trial, and (3) from an order dismissing as academic appellant's motion to enjoin the respondent City of New York from paying a condemnation award for the taking of the subject property. The action was brought by the widow of the grantor on the ground that the conveyance was not real, but illusory, in that the grantor did not intend to divest himself of title during his lifetime. Orders and judgment unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.

■ IRVING KLEIN REALTY, INC., Respondent, v. CLOVIS J. GELINA, Appellant.— In an action by a licensed real estate broker to recover commissions upon the sale of real property, the appeal is from an order which (1) granted respondent's motion for summary judgment striking out the answer (Rules Civ. Prac., rule 113), and (2) denied appellant's cross motion for judgment on the pleadings or in the alternative for summary judgment dismissing the amended complaint (Rules Civ. Prac., rules 112, 113). Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ.